THE AMERICAN NATIONAL ASSOCIATION of THE RED CROSS, demandante y apelante, *v.* EUGENIO CARLOS DE HOSTOS y su esposa MIGNON McCORMICK DE HOSTOS, demandados y apelados.

No. 4049.—*Visto:* Enero 31, 1928. *Resuelto:* Febrero 24, 1928.

1. CORPORACIONES MUNICIPALES—USO Y REGLAMENTACIÓN DE SITIOS, PROPIEDADES Y OBRAS PÚBLICAS—CALLES Y OTROS CAMINOS PÚBLICOS—USO DE LAS CA-LLES—ACCIONES POR DAÑOS PROVENIENTES DEL USO NEGLIGENTE DE LAS CA-LLES COMO CAMINOS—DERECHOS Y OBLIGACIONES MUTUAS AL ACERCARSE A O PASAR CRUCES.—La obligación de los conductores de vehículos que se acercan a un cruce de calles de tomar precauciones al acercarse a, o pasar dicho cruce, no es un deber únicamente de una parte sino mutuo.

2. CORPORACIONES MUNICIPALES—USO Y REGLAMENTACIÓN DE SITIOS, PROPIEDADES Y OBRAS PÚBLICAS—CALLES Y OTROS CAMINOS PÚBLICOS—USO DE LAS CA-LLES—ACCIONES POR DAÑOS PROVENIENTES DEL USO NEGLIGENTE DE LAS CA-LLES COMO CAMINOS—NEGLIGENCIA CONTRIBUYENTE EN GENERAL.—En Puerto Rico una persona no puede disculparse de negligencia contributoria por el mero hecho de creer que él va a llegar a un cruce primero que otra que también se acerca a éste, especialmente cuando esa creencia está basada en la rapidez de su marcha.

3. CORPORACIONES MUNICIPALES—USO Y REGLAMENTACIÓN DE SITIOS, PROPIEDADES Y OBRAS PÚBLICAS—CALLES Y OTROS CAMINOS PÚBLICOS—USO DE LAS CA-LLES—ACCIONES POR DAÑOS PROVENIENTES DEL USO NEGLIGENTE DE LAS CA-LLES COMO CAMINOS—DERECHOS Y OBLIGACIONES MUTUAS AL ACERCARSE A O PASAR CRUCES.—El mero hecho de que un vehículo tenga derecho a pasar por un cruce de una calle antes que otro, no exime al conductor de aquél del deber de ejercer el debido cuidado para evitar un choque en el cruce.

SENTENCIA de *Miguel Muñoz,* J. (San Juan), declarando sin lugar la demanda, sin costas. *Confirmada.*

*Dubón & Ocholeco,* abogados del apelante; *Fernando B. Fornaris,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El automóvil de la demandante venía del este por la calle Loíza. El automóvil de los demandados venía del sur por la Avenida de Diego. Hubo un choque y el automóvil de la demandante fué lanzado contra un poste en la esquina noroeste de la intersección de las dos calles, sufriendo averías. La apelante entabló demanda fundada en negligencia y reclamaba la suma de $525. La Corte de Distrito de San

Juan resolvió el litigio a favor de los demandados y el caso se halla ante nos en virtud de un recurso de apelación.

[1] La corte inferior halló que la prueba era confusa y contradictoria. Los testigos de cada una de las partes decían que la otra guiaba a una velocidad vertiginosa e indebida. No obstante, la corte encontró por la prueba del propio *chauffeur* de la demandante que al acercarse al cruce de las calles no redujo su velocidad, y dijo que en su deposición la Sra. de Hostos había manifestado que dicho *chauffeur* aumentó la velocidad porque creyó que podía pasar. El *chauffeur* estaba bajo la impresión de que el accidente se debió al hecho de que el otro automóvil no se paró siendo su deber hacerlo así. En su deposición la Sra. de Hostos, además, decía que el automóvil de la demandante venía como un rayo. A pesar de las diferencias existentes en la prueba, la corte creyó la deposición de la Sra. de Hostos.

La corte resolvió que ambos *chauffeurs* fueron negligentes porque ninguno de ellos al acercarse al cruce tomó las precauciones debidas. Entre otras cosas la corte dijo que el *chauffeur* de los demandados procedió erróneamente al doblar hacia la izquierda para evitar el choque. El doblar hacia la izquierda para evitar un accidente por sí solo difícilmente podría constituir negligencia, ya que sería un acto de emergencia. Lo que la corte probablemente quiso decidir fué que ambos *chauffeurs* debieron haber reducido la velocidad al acercarse al cruce. La corte resolvió que la obligación de tomar precauciones al pasar un cruce no era un deber impuesto únicamente a una de las partes, sino que era un deber mutuo.

[2, 3] La teoría del apelante fué que su *chauffeur* llegó al cruce primero y que por tanto tenía derecho a pasar antes que el otro. Tenemos idea, a juzgar por la prueba, de que en determinado momento antes del choque, si cada uno de los automóviles hubiese ido a la misma velocidad, el carró de los demandados hubiera llegado al cruce primero.

Es cierto que no podría ser la ley en ningún sitio que cuando las partes tienen iguales derechos al acercarse a un cruce que ninguna de ellas, aumentando su velocidad, pueda obligar a la otra a pararse.

Sin embargo, la ley en Puerto Rico no es que por el hecho de que una persona probablemente llegue a un cruce primero que otra, tenga el derecho de esperar que todo el mundo se pare; ni que no sería culpable de negligencia contributoria si bajo tales circunstancias trata de cruzar con rapidez.

Por el contrario, aun si una persona tiene claramente la vía franca, debe acercarse a un cruce con cuidado y a cierto grado de velocidad, con suficiente lentitud para evitar un accidente. Si el *chauffeur* de la demandante hubiese ido a una velocidad moderada, entonces tal vez tendría razón en su contención, pero las conclusiones de la corte son adversas a la demandante sobre este punto. La jurisprudencia aplicable puede hallarse comenzándose en 12 Corpus Juris, 960, y más especialmente para los casos **recientes** una nota en 37 A.L.R. 509 como suplemento a una anotación en 21 A.L.R. 988. Citamos el texto de la nota:

"El mero hecho de que un vehículo tenga el derecho a pasar por una calle o por el cruce de una carretera antes que otro, no exime al conductor del vehículo así favorecido, del deber de ejercer el debido cuidado para evitar un choque en el cruce."

*La sentencia apelada debe confirmarse.*